# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| CRISTOBAL TEPAZ, individually and on behalf of all others similarly situated, | **Case No.:** 4:19-cv-1236<br>FLSA Collective Action |
| v. | |
| SINH SINH RESTAURANT CORPORATION. | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### SUMMARY

1. Defendant Sinh Sinh Restaurant Corporation failed to pay minimum wage and overtime compensation to their kitchen workers, including Plaintiff Cristobal Tepaz, as required by the Fair Labor Standards Act ("FLSA"). Instead, Sinh Sinh paid Tepaz and his coworkers a salary so low that their weekly pay did not cover the minimum wage and overtime pay required by the FLSA. Further, Sinh Sinh paid Tepaz and his coworkers less than the minimum wage required under the Texas Minimum Wage Act ("TMWA"). Accordingly, Tepaz brings this action on behalf of themselves and other similarly situated kitchen workers to recover unpaid minimum wages, overtime pay, and other damages.

### JURISDICTION AND VENUE

2. This Court has jurisdiction because Tepaz's claims arise under federal law. This Court also has supplemental jurisdiction over Tepaz's claim for unpaid minimum wages under the TMWA because Tepaz's claims for unpaid minimum wages under state law are part of the same case or controversy as their claims for unpaid minimum wages under federal law.

3. Venue is proper because Sinh Sinh resides in this District and a substantial part of the acts and omissions giving rise to Tepaz's claims occurred in this District.

## THE PARTIES

4. Tepaz was employed by Sinh Sinh within the meaning of the FLSA and the TMWA as a dishwasher. Tepaz regularly worked over forty hours per week, but was not paid minimum wage or overtime pay. Tepaz's consent to this action is attached as Exhibit A.

5. The putative class members are other kitchen workers employed by Sinh Sinh who were also paid a salary with no overtime pay. The putative class members performed job duties similar to Tepaz, including cleaning, preparing food, and washing dishes.

6. Sinh Sinh Restaurant Corporationemployed Tepaz and the putative class members within the meaning of the FLSA and the TMWA.

## FACTUAL ALLEGATIONS

7. Sinh Sinh employed Tepaz as a dishwasher in Sinh Sinh Cafe, a restaurant located in Houston, Texas.

8. Sinh Sinh had gross annual sales in excess of $750,000 during at least the last three years.

9. Sinh Sinh had two or more employees who handled, sold, or worked on goods or materials that were produced for interstate commerce, including kitchen supplies, cash registers, phones, and restaurant equipment.

10. Accordingly, Sinh Sinh is an enterprise engaged in commerce under the FLSA and is subject to its minimum wage and overtime provisions.

11. In the alternative, if Sinh Sinh is not subject to the FLSA, it is subject to the TMWA.

12. Sinh Sinh did not record the hours Tepaz and the putative class members worked.

13. Sinh Sinh paid Tepaz and the putative class members in cash.

14. Tepaz worked five days per week, from 7 a.m. to 5:00 p.m. Accordingly, Tepaz regularly worked 50 or more hours per week.

15. Sinh Sinh paid Tepaz $338 per week.

16. Sinh Sinh did not pay the extra premium required by the FLSA for hours worked in excess of forty hours per week.

17. Minimum wage has been $7.25 per hour since July 24, 2009.

18. The weekly equivalent of Tepaz's salary, when when divided by the number of hours he worked in the workweek, resulted in wages that were below the minimum wage of $7.25 required by the FLSA and the TMWA.

19. Further, Sinh Sinh did not pay hours Tepaz worked over forty in any workweek at one and one-half times his regular rate.

20. Sinh Sinh knew Tepaz worked over forty hours per week.

21. Sinh Sinh knew that Tepaz's salary, when reduced to its hourly equivalent, was less than minimum wage.

22. Sinh Sinh knew Tepaz was not paid overtime at time and one-half his regular rate of pay.

23. Sinh Sinh has already been sued for the same payroll practices that caused Tepaz to not be paid minimum wage and overtime.

24. Sinh Sinh knew or showed reckless disregard for whether its payroll practices violated the minimum wage and overtime provisions of the FLSA. Accordingly, Sinh Sinh willfully violated the FLSA's minimum wage and overtime provisions.

## COLLECTIVE ACTION ALLEGATIONS

25. Sinh Sinh also employed other kitchen workers similarly situated to Tepaz. These potential class members are similarly situated to Tepaz because they were denied overtime pay under the same salary payroll policy that applied to Tepaz as described above.

26. The putative class members, like Tepaz, generally worked about ten hours per day or more, six days per week. Accordingly, they also regularly worked in excess of 40 hours per week without receiving overtime pay.

27. Like Tepaz, the putative class members were employees that performed manual labor similar to that performed by Tepaz, including: cleaning, preparing food, and washing dishes. Notice of this collective action is, therefore, properly sent to:

> **All kitchen workers employed by Sinh Sinh Restaurant Corporation who were paid a salary and who worked over forty hours in any workweek during the last three years.**

28. The putative class members, like Tepaz, were also denied minimum wage in workweeks when the weekly equivalent of their bimonthly salary, divided by the number of hours they worked in the workweek, resulted in a wage less than minimum wage.

## CAUSES OF ACTION

29. Tepaz and the putative class members incorporate the allegations in the preceding paragraphs.

30. As set forth above, Sinh Sinh violated the FLSA and the TMWA by failing to pay Tepaz and the putative class members minimum wage. Accordingly, Tepaz and the putative class members are entitled to recover their unpaid minimum wages.

31. As set forth above, Sinh Sinh violated the FLSA by failing to pay Tepaz and the putative class members overtime compensation. Accordingly, Tepaz and the putative class members are entitled to recover their unpaid overtime.

32. Under the FLSA and the TMWA, Tepaz and the putative class members are entitled to an amount equal to their unpaid minimum and overtime wages as liquidated damages, as well as reasonable attorney's fees and costs.

## PRAYER

33. Wherefore, Tepaz and the putative class members request that this Court award them judgment against Sinh Sinh for:

    (a)    their unpaid minimum wages and overtime pay;

(b) an equal amount as liquidated damages;

(c) reasonable attorneys' fees, costs, and expenses of this action;

(d) post-judgment interest at the highest rate allowed by law; and

(e) such other and further relief as may be allowed by law.

<div style="margin-left: 40%;">

Respectfully submitted,

*/s/ David I. Mouton*
By: _____
David I. Moulton
Texas Bar No. 24051093
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone: (713) 877-8788
Telecopier: (713) 877-8065
dmoulton@brucknerburch.com

**Attorneys for Plaintiff**

</div>